**Edith DOLIN**

v.

**VIPONT MINING COMPANY.**

**Civ. A. No. 74–405.**

United States District Court,
E. D. Pennsylvania.

Nov. 18, 1974.

Gerald Pomerantz, Philadelphia, Pa., for plaintiff.

Kirk T. Karaszkiewicz, John S. Estey, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

NEWCOMER, District Judge.

Presently before the Court is defendants' motion to dismiss plaintiff's complaint for failure to state a claim upon which relief could be granted. Plaintiff alleges that the individual defendants, who are directors and officers of both corporate defendants, violated Section 10(b) of the Securities Exchange Act of 1934,[1] and Rule 10(b)–5 of the General Rules and Regulations promulgated under that Act by transferring assets of Vipont Mining Company to Vipont Chemical Company without adequate consideration and by intentionally failing to register a sale of Vipont Chemical shares by Vipont Mining Co. in Pennsylvania or New Jersey, thereby depriving Vipont Mining Company shareholders such as plaintiff of their pre-emptive rights to purchase such shares. Defendants, citing Birnbaum v. New-

---

I. 15 U.S.C. § 78j.

port Steel Corporation, 193 F.2d 461 (2nd Cir. 1952), contend that plaintiff's complaint must be dismissed because plaintiff never alleged that she was a buyer or a seller in either of the transactions complained of.

We find that plaintiff has stated a claim for which relief could be granted. The transfer of shares from Vipont Mining Company to Vipont Chemical Company was a "sale" by Vipont Mining and, since plaintiff is suing on behalf of Vipont Mining, she herself need not be a purchaser or a seller. Although plaintiff cannot assert a derivative claim concerning the offer of Vipont Chemical shares to Vipont Mining shareholders, we find that a sufficient causal nexus has been established between the alleged violations and plaintiff's loss. The fact that she was neither a purchaser or seller of the securities in question is not fatal to her claim.

A brief review of the facts alleged in the Complaint may help in understanding the issues raised by defendant's motion to dismiss. Plaintiff is an owner of common stock in Vipont Mining Company (hereinafter "VMC"), which is located and incorporated in Wyoming. Defendant Vipont Chemical Company (hereinafter "VCC") is a subsidiary of VMC; the individual defendants are directors and officers of both companies, and several of these individuals are also minority shareholders in VCC. Plaintiff alleges that the individual defendants wrongfully diluted VMC's assets and its interest in VCC by causing VMC to transfer 1,070,000 VCC shares back to VCC for an inadequate consideration. Plaintiff alleges that the individual defendants further reduced VMC's interest in VCC by causing VMC to offer 925,000 of its VCC shares to VMC shareholders at bargain prices. Plaintiff claims that the defendants intentionally failed to register this offering with either the Pennsylvania or the New Jersey securities commissions, thus depriving plaintiff and other VMC stockholders in Pennsylvania and New Jersey of the opportunity to purchase these shares at the bargain rate. It is alleged that by denying plaintiff and others similarly situated the opportunity to purchase this stock the individual directors were able to buy more than their share of the VCC stock.

Plaintiff's claim can conveniently be broken down into the two transactions covered, the transfer of VCC stock from VMC to VCC and VMC's sale of VCC stock to VMC stockholders. Defendants contend that both parts of plaintiff's claim should be dismissed since plaintiff was neither a purchaser or seller of stock in either transaction. Birnbaum v. Newport Steel Corporation, 193 F.2d 461 (2nd Cir. 1952). The *Birnbaum* case is the fountainhead of the rule that a person must himself be a buyer or seller of a security before he can press a claim under 10(b)–5 for fraud in connection with the purchase or sale of that security. The *Birnbaum* rule has been approved by several courts in this district. In Re Penn Central Securities Litigation, 347 F.Supp. 1327 (E.D.Pa.1972); Edelman v. Decker, 337 F.Supp. 583 (E.D.Pa.1972). However, plaintiff is suing on behalf of Vipont Mining Company in that part of her claim involving the transfer of VCC shares from VMC to VCC. It is generally recognized that a plaintiff who was not himself a purchaser or seller can maintain a 10(b)–5 action for fraud if he sues in the name of a corporation which is a seller of the securities which are the subject of the action. Pappas v. Moss, 393 F.2d 865 (3rd Cir. 1968); Ruckle v. Roto American Corp., 339 F. 2d 24 (2nd Cir. 1964). And it seems clear that the transfer of VCC stock from VMC to VCC was a sale by VMC within the meaning of the Securities Exchange Act and Rule 10(b)–5. International Controls Corp. v. Vesco, 490 F. 2d 1334 (2nd Cir. 1974).

However, even if plaintiff has satisfied the *Birnbaum* rule by pleading a derivative action, she has not described the transfer of VCC stock from VMC to VCC in sufficient detail to al-

low this Court or defendants to determine whether or not a 10(b)–5 violation may be involved. Nowhere in her complaint does plaintiff allege that the transfer was fraudulent or part of a fraudulent scheme. In fact, the reverse implication arises from paragraph 11 of plaintiff's complaint, which states:

. "On or prior to March 11, 1971, [13 days after the stock transfer] the individual Defendants . . . devised a scheme to further dilute the interest and assets of Vipont Mining Company in Vipont Chemical Company by causing an offer to be made to the shareholders of Vipont Mining Company of a bargain purchase of . . . 925,000 . . . Vipont Chemical Company Shares . . .".

No similar allegation of fraud was made with reference to the March 4, 1971 transfer of VCC stock.

Even under the permissive regime of notice pleading defendants have the right to know whether they are faced with a situation where fraud was used in connection with the sale (transfer) of securities, which is properly a 10(b)–5 claim, or with a situation "involving possible internal corporate mismanagement" which may belong solely in state court. Supt. of Insurance v. Bankers L. & C. Co., 404 U.S. 6, 12, 92 S.Ct. 165, 30 L.Ed.2d 128 (1971). For this reason, the portion of plaintiff's complaint dealing with the transfer situation will be dismissed with leave to amend, if possible, to correct the deficiencies discussed above.

As to the claim that defendants acted unlawfully in failing to register the offering of 925,000 VCC shares to VMC stockholders with either the Pennsylvania or New Jersey securities commissions, however, plaintiff cannot rely on the derivative nature of her suit to supply the

elements required in *Birnbaum*. Plaintiff cannot claim to represent Vipont Mining in a suit to recover its VCC shares sold at bargain prices while she simultaneously sues defendants for scheming to prevent her from buying any of the offered shares at the bargain price. Plaintiff's claim involving the VCC share offering cannot be categorized as a derivative claim, and thus, since neither plaintiff nor any member of her class purchased or sold any of these shares, her claim arguably falls afoul of the *Birnbaum* rule.

A closer scrutiny of this situation, however, reveals the incongruity of dismissing this aspect of plaintiff's claim on *Birnbaum* grounds. What plaintiff is complaining of here is a fraudulent scheme with a purpose of preventing her from becoming a purchaser. The purchaser-seller requirement is essentially a causation test, adopted to insure that an adequate causative relationship exists between the allegedly fraudulent transaction and plaintiff's loss. Commerce Reporting Co. v. Puretec, Inc., 290 F.Supp. 715 (S.D.N.Y.1968).[2] Where the facts alleged by plaintiff give reasonable grounds for finding a causal connection between the allegedly illegal conduct and plaintiff's loss, the Court no longer need rely on the purchaser-seller requirement to establish causation. Tully v. Mott Supermarkets, Inc., 337 F.Supp. 834 (D.N.J. 1972); Bromberg, Securities Law, Vol. I, § 4.7 (565).

The facts as alleged in this case establish a direct causal connection between defendants' failure to register the offering of VCC stock in Pennsylvania and New Jersey and plaintiff's loss. Therefore plaintiff's claim will not be dismissed because she was neither a purchaser nor a seller of the offered stock.

---

**2.** *Puretec* involved an aborted agreement to purchase securities. As in the present case, plaintiff claimed that but for the alleged fraud it would have purchased the stock in question. The Court found that plaintiff had stated a valid claim in spite of the fact that it was neither a purchaser nor a seller of the stock.